UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-660 JD |
| | ) | |
| JEFFREY A. BUIT, JR., and | ) | |
| NACOLE L. BUIT, | ) | |
| | ) | |
| Defendants. | | |

**OPINION AND ORDER**

Now before the Court is the United States of America's motion for default judgment. [DE 10]. The United States filed this *in rem* action to collect on a promissory note secured by a mortgage. The defendants, Jeffrey Buit, Jr., and Nacole Buit, were each served with a summons and complaint but did not respond to the complaint or appear in the action. [DE 6, 12] The United States thus moved for an entry of default, which the Clerk entered, after which the United States filed its motion for default judgment.

Despite the Buits' failure to appear, the Court cannot grant the motion for default judgment, as none of the filings in this case other than the complaint and summons have been served on the Buits. Under Rule 5(a), all filings in a case must be served on each party unless the party "is *in default* for failing to appear." Fed. R. Civ. P. 5(a)(1), (2) (emphasis added). The Buits were placed in default when the Clerk entered default on November 8, 2018 [DE 8], and not before.[1] However, the United States' application for entry of default—which necessarily

---

[1] In response to the Court's May 3, 2019, text order regarding its failure to serve the Buits with the application for default, the United States filed a response in which it insists that Rules 5(a)(2) and 55(b)(2) do not require service of that filing. [DE 15] The government is mistaken. Rule 5(a)(2) allows a party to proceed without serving a party if the party is "in default," but a party cannot be in default until the Clerk makes such an entry. It follows that, when the United States *applied* for default, the Buits

preceded the actual entry of default—was not served on the Buits. The Clerk's entry of default was not sent to the Buits, either, nor did the United States serve them with its motion for default judgment. Thus, as far as the docket reflects, the Buits have not been given notice of any activity in this case since the filing of the complaint. Their failure to appear and file an answer as required by the summons may yet justify a default, but given that they have not been served with any subsequent filings in this case, the Court cannot find at this time that they have "exhibited a willful refusal to litigate the case properly" and a "willful choice not to exercise even a minimal level of diligence," as is required to justify a default judgment. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Given the Buits' lack of notice of these subsequent filings, the Court **DENIES** the motion for default judgment [DE 10] and **VACATES** the entry of default. *See* Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008). The United States may apply for a new clerk's entry of default, but it must serve the Buits with that filing.

SO ORDERED.

ENTERED:  June 13, 2019

                                           /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court

---

cannot be said to have been in default at that point. Furthermore, as to Rule 55(b)(2), that rule pertains to applications for default *judgment*, not default.